Jennifer A. Kash (Bar No. 203679)
jenniferkash@quinnemanuel.com
Eric E. Wall (Bar No. 248692)
ericwall@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David A. Nelson*
davenelson@quinnemanuel.com
Robert R. Cleary, Jr.*
robertcleary@quinnemanuel.com
Aaron Perez-Daple*
aaronperezdaple@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Kate Cassidy*
katecassidy@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*pro hac vice to be filed.

Attorneys for plaintiff Symantec Corporation.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>    Plaintiff,<br><br>    vs.<br><br>ACRONIS, INC.,<br><br>    Defendant. | Case No. CV12-01062<br><br>**COMPLAINT FOR<br>PATENT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR PATENT INFRINGEMENT

This is a patent infringement action brought before this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a), in which Plaintiff, Symantec Corporation ("Symantec"), for its complaint against Defendant, Acronis, Inc. ("Acronis"), alleges as follows:

## INTRODUCTION

1. This is an action brought by Symantec against Acronis for Acronis' infringement of Symantec's patents. In particular, Symantec seeks remedies for Acronis' infringement of Symantec's U.S. Patents Nos. 7,093,086 ("the '086 patent"), 7,322,010 ("the '010 patent") and 6,615,365 ("the '365 patent"),(collectively, "the Asserted Patents").

## PARTIES

2. Symantec Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 350 Ellis Street, Mountain View, California 94043.

3. Upon information and belief, Acronis, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 300 Trade Center, Suite 6700, Elm Street, Woburn, Massachusetts 01801. Upon information and belief, Acronis sells backup, recovery and security software both directly and indirectly through partners, resellers and retailers.

## JURISDICTION AND VENUE

4. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101, *et seq.* Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Acronis for at least the following reasons: (i) Acronis has designated an agent for service of process in the State of California; (ii) Acronis has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this District and elsewhere in California and the United States; (iii) Acronis regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals

in this District and in this State; and (iv) Acronis has purposefully established substantial, systematic and continuous contacts with this District and expects or should reasonably expect to be haled into court here. Thus, this Court's exercise of jurisdiction over Acronis will not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Acronis does business in the State of California, has committed acts of infringement in this State and in this District, a substantial part of the events or omissions giving rise to this claim occurred in this District, and Acronis is subject to personal jurisdiction in this District.

### INTRADISTRICT ASSIGNMENT

7. Pursuant to Civil L.R. 3-2(c), this case is appropriate for assignment on a district-wide basis because this is an Intellectual Property Action.

### FACTUAL BACKGROUND

**Symantec's History**

8. Since its inception, Symantec has been providing software products to enhance its customers' computing productivity, security and reliability. Symantec was founded in 1982 by computer scientist Gary Hendrix with a grant from the National Science Foundation. Originally focused on natural language processing and artificial intelligence-related products, Symantec grew throughout the 1980s through organic growth and strategic acquisitions in the computer software field. In 1990, Symantec merged with Peter Norton Computing, a developer of various consumer antivirus and data management utilities. At the time, Symantec was already a market leader for Macintosh antivirus and utilities software and had already begun development of a DOS-based antivirus program, making the merger with Norton strategically advantageous. "Norton Antivirus" was launched in 1991. By 1993, the Norton product group accounted for 82% of Symantec's total revenues.

9. Among other areas of expansion, Symantec sought to develop and acquire more products for corporate customers. Specifically, Symantec sought to offer products that would serve enterprise environments in which desktop computers were connected with local and other

networks. Symantec was determined to achieve its goal of providing integrated, platform-independent and centralized network administration solutions. Symantec's investment and innovation led to the launching the Norton Enterprise Framework in 1996.

10. By the late 1990s, Symantec was marketing three major product lines. The first covered security and assistance products, consisting mainly of Norton AntiVirus and Norton Utilities products to keep personal computers protected and reliable. The second line included remote productivity solutions, which enabled telecommuters, mobile professionals and workers in remote offices to access information, applications and data on-demand from any location. The third line included internet tools, primarily for Java programmers. Symantec expended tremendous resources in research and development to create the intellectual property upon which these products are based.

11. In 2005, Symantec merged with Veritas Software Corporation ("Veritas"), a pioneer and market leader specialized in storage management software. With the addition of Veritas, Symantec doubled its size to more than 15,000 employees. More importantly, the merger of Veritas and Symantec brought with it a vast amount of additional expertise and talent upon which the new joint venture could build. Indeed, with the merger, Symantec also acquired the know-how and intellectual property developed by Veritas through Veritas' own extensive research and development investments. As a result of the merger, Symantec established itself as a leader in the enterprise software market, enabling Symantec to address and solve an expansive spectrum of security and data management challenges.

12. Since 2005, Symantec has continued its innovation in the enterprise field helping customers from consumers and small businesses to the largest global organizations secure and manage their information. Today, Symantec offers state-of-the-art products such as Enterprise Vault 7.0 which provides companies a comprehensive system to store, manage, backup and archive critical business information. In addition, Symantec provides other leading end-to-end enterprise solutions such as Backup Exec, Symantec Endpoint Protection, NetBackup, and Storage Foundation.

13. One of the major keys to Symantec's success has been its substantial investment in research and development which has enabled Symantec to offer its users the most innovative technologies on the market. Symantec has invested more than $5 billion in research and development since 2005. Indeed, Symantec's patent portfolio includes over 1,900 issued patents and more than 1,900 pending patent applications, including over 1,700 patent applications filed since 2005.

14. As a result of Symantec's investments, Symantec has become one of the largest and most successful computer software companies in the United States. This success, in turn, has helped thousands of Symantec customers increase their own productivity through more secure and reliable computer systems and networks.

**Symantec's Patents-in-Suit**

15. The Patents-in-Suit are a reflection of Symantec's research and development achievements. To enable an enterprise to securely and reliably backup and recover its critical business data, certain functionality relating to the saving and recovery of data is essential. Among the features necessary to perform state-of-the art backups and recoveries include imaging of virtual machines and use of an effective user interface to manage system backups. All of these features involve use of Symantec's innovations.

16. Users of virtual machines need effective backups just as much as users of physical machines. Symantec innovators recognized the need to back up a virtual machine to a destination separate from a storage device used by the virtual machine itself. Symantec's '086 patent is directed to methods that address this need.

17. Symantec also invented a graphical user interface that enables a user to simultaneously view the contents of a computer that had been backed up and the destination computer on which the backed-up information would be restored. This interface facilitates restoration operations. The '010 patent is directed to methods and media for providing this interface.

18. When backing up data from a computer system, a user must choose the location for storing the backup. In some instances, such as when a computer has only a single partition for

storing data, a user may want to store their data to the same partition that they are backing up. The '365 patent is directed to methods and media storing computer instructions for creating a backup image on the same partition that is being backed-up and to restoring data from such an image.

**Acronis' History**

19. Acronis, Inc. was not founded until 2001. It was incorporated in Delaware in 2002 by Serguei Beloussov, Max Tsypliaev, and Ilya Zubarev with headquarters in Woburn, Massachusetts. Today, Acronis focuses mainly on software products for backup and disaster recovery. Upon information and belief, Acronis' software development primarily takes place in Moscow, Russia.

20. Acronis' core product line is its Backup and Recovery line, which provides disk-imaging backup and disaster recovery software in variations for private users, branch offices and large server installations for enterprise clients. More recently, Acronis has been aiming its products at protecting data in messaging and database systems within corporate environments, seeking to expand into the large enterprise market, in many cases supporting virtualized environments.

21. Symantec is harmed by Acronis' use of Symantec's patented technologies in a way that cannot be compensated for by payment of a royalty alone. Acronis has received millions of dollars in revenue and increased its market share by selling products that incorporate Symatec's technology without having to incur the costs of developing this technology. Symantec, on the other hand, has borne and continues to bear these costs.

22. Even if Acronis were to subsequently pay past due royalties, it would still enjoy a market share it has developed during its period of "free riding" on Symantec's intellectual property. Due to the difficulty in predicting whether, if at all, Symantec can recover this market share, Symantec's harm cannot be compensated by payment of past due royalties alone.

**Acronis Infringes Symantec's Patents**

23. Symantec's Asserted Patents claim methods and systems for creating backups and recovery for physical, virtual and cloud environments. Acronis has infringed and continues to infringe Symantec's Asserted patents through at least its Backup and Recovery product line.

24. On November 2, 2011, Symantec served on Acronis a complaint in Case No. 3:11-cv-05310 EMC (N.D. Cal.) with copies of the Asserted Patents affixed thereto. Thus, at least as of November 2, 2011, Acronis has had knowledge of the Asserted Patents and, on information and belief, actively and knowingly induces its customers to infringe the patents in suit by providing instructions, including without limitation user guides, as to how to use the backup and recovery features of its Backup and Recovery product line.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,093,086

25. Symantec incorporates by reference the preceding averments set forth in paragraphs 1-24.

26. The '086 patent, entitled "Disaster Recovery and Backup Using Virtual Machines," was duly and lawfully issued on August 15, 2006. A true and correct copy of the '086 patent is attached to this Complaint as Exhibit 1.

27. Symantec is the owner of all rights, title, and interest in the '086 patent, including the right to bring this suit for injunctive relief and damages.

28. On information and belief, Acronis has infringed and continues to infringe, has contributed to and continues to contribute to acts of infringement, and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of the '086 patent by making, using, offering for sale and selling in the United States, and by importing into the United States without authority, and/or by causing others to make, use, offer for sale and sell in the United States, and import into the United States without authority, products and services, including but not limited to the Acronis Backup & Recovery line of products and related services, for example, Backup & Recovery 11 Workstation, Backup & Recovery 11 Server for Windows, Backup & Recovery 11 Advanced Server SBS Edition, Backup & Recovery 11 Server for Linux, Backup & Recovery 11 Online, Backup & Recovery 11 Advanced Server, Backup & Recovery 11 Virtual Edition, and Backup & Recovery 11 Advanced Workstation.

29. On information and belief, Acronis' infringement, contributory infringement and/or inducement of infringement is literal infringement or, in the alternative, infringement under the doctrine of equivalents.

COMPLAINT FOR PATENT INFRINGEMENT

30. Acronis' infringing activities have caused and will continue to cause Symantec irreparable harm, for which it has no adequate remedy at law, unless Acronis' infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

31. Symantec has been and continues to be damaged by Acronis' infringement of the '086 patent in an amount to be determined at trial.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,322,010

32. Symantec incorporates by reference the preceding averments set forth in paragraphs 1-31.

33. The '010 patent, entitled "Graphical User Interface for Mapping Computer Resources," was duly and lawfully issued on January 22, 2008. A true and correct copy of the '086 patent is attached to this Complaint as Exhibit 2.

34. Symantec is the owner of all rights, title, and interest in the '010 patent, including the right to bring this suit for injunctive relief and damages.

35. On information and belief, Acronis has infringed and continues to infringe, has contributed to and continues to contribute to acts of infringement, and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of the '010 patent by making, using, offering for sale and selling in the United States, and by importing into the United States without authority, and/or by causing others to make, use, offer for sale and sell in the United States, and import into the United States without authority, products and services, including but not limited to the Acronis Backup & Recovery line of products and related services, for example, Backup & Recovery 11 Workstation, Backup & Recovery 11 Server for Windows, Backup & Recovery 11 Advanced Server SBS Edition, Backup & Recovery 11 Server for Linux, Backup & Recovery 11 Online, Backup & Recovery 11 Advanced Server, Backup & Recovery 11 Virtual Edition, and Backup & Recovery 11 Advanced Workstation.

36. On information and belief, Acronis' infringement, contributory infringement and/or inducement of infringement is literal infringement or, in the alternative, infringement under the doctrine of equivalents.

37. Acronis' infringing activities have caused and will continue to cause Symantec irreparable harm, for which it has no adequate remedy at law, unless Acronis' infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

38. Symantec has been and continues to be damaged by Acronis' infringement of the '010 patent in an amount to be determined at trial.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,615,365**

39. Symantec incorporates by reference the preceding averments set forth in paragraphs 1-38.

40. The '365 patent, entitled "Storing a Computer Disk Image Within an Imaged Partition," duly and lawfully issued on September 2, 2003. A true and correct copy of the '365 patent is attached to this Complaint as Exhibit 3.

41. Symantec is the owner of all rights, title, and interest in the '365 patent, including the right to bring this suit for injunctive relief and damages.

42. On information and belief, Acronis has infringed and continues to infringe, has contributed to and continues to contribute to acts of infringement, and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of the '365 patent by making, using, offering for sale and selling in the United States, and by importing into the United States without authority, and/or by causing others to make, use, offer for sale and sell in the United States, and import into the United States without authority, products and services, including but not limited to the Acronis Backup & Recovery line of products and related services, for example, Backup & Recovery 11 Workstation, Backup & Recovery 11 Server for Windows, Backup & Recovery 11 Advanced Server SBS Edition, Backup & Recovery 11 Server for Linux, Backup & Recovery 11 Online, Backup & Recovery 11 Advanced Server, Backup & Recovery 11 Virtual Edition, Backup & Recovery 11 Advanced Workstation, and the Acronis Tue Image line of products and related services, for example, True Image 2012.

43. On information and belief, Acronis' infringement, contributory infringement and/or inducement of infringement is literal infringement or, in the alternative, infringement under the doctrine of equivalents.

44. Acronis' infringing activities have caused and will continue to cause Symantec irreparable harm, for which it has no adequate remedy at law, unless Acronis' infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

45. Symantec has been and continues to be damaged by Acronis' infringement of the '365 patent in an amount to be determined at trial.

**REQUEST FOR RELIEF**

WHEREFORE, Symantec respectfully requests that:

(a) Judgment be entered that Acronis has infringed one or more claims of each of the Asserted Patents;

(b) Judgment be entered permanently enjoining Acronis, its directors, officers, agents, servants and employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Asserted Patents;

(c) Judgment be entered awarding Symantec all damages adequate to compensate it for Acronis' infringement of the Asserted Patents including all pre-judgment and post-judgment interest at the maximum rate permitted by law; and

(d) Judgment be entered awarding Symantec such other and further relief as this Court may deem just and proper.

DATED: March 2, 2012

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN

By: *Eric E. Wall*
Eric E. Wall

Attorneys for Plaintiff Symantec Corporation

-9-
COMPLAINT FOR PATENT INFRINGEMENT